IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BELAIR ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAUDABE LLC, <br><br> Defendant. | Civil Case No.: 1:23cv446 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Now comes Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") and for its Complaint against Defendant Caudabe LLC ("Caudabe" or "Defendant") states as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff BelAir Electronics, Inc. is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3. BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as **Exhibit A**) and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as **Exhibit B**) (collectively, the "Asserted Patents").

4. BelAir has the exclusive right to license, enforce, and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (July 17, 2017) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5. Upon information and belief, Defendant Caudabe LLC is a Delaware corporation, with its principal place of business at 4480 Lake Forest Drive, Suite 304, Blue Ash, Ohio 45242 and registered to do business in Ohio with an agent incident to such registration. Caudabe also maintains a United States Post Office Box at 4914 Cooper Road, Unit 42858, Cincinnati, Ohio 45242.



6. In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased a "Lucid Clear - iPhone 7 - Rose Gold Metallic" case, a "The Sheath - Galaxy S10 - Black" case, and a "Synthesis - iPhone 11 - Stealth Black" case from Defendant's website for assessment as representative of the products identified in **Exhibit C**.

22827936v1

- 3 -

7. Defendant primarily advertises and sells Accused Products, as that term is defined *infra*, at: (1) https://caudabe.com/ and related urls in the Caudabe.com domain; (2) https://www.amazon.com/s?me=A9EX74NKTK2X8&marketplaceID=ATVPDKIKX0DER and related "Caudabe" product pages accessed through Amazon.com's website; and, (3) any other online marketplaces or brick and mortar retail stores.

8. Defendant offers for sale and sells the Accused Products, as that term is defined *infra*, for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

9. BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant owns, operates, and conducts business in the state of Ohio and directs advertisements at residents of Ohio – which are covered by claims of the Asserted Patents – and throughout the United States including Ohio and this Judicial District.

11. Defendant is currently doing business in this Judicial District, has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of Ohio such that it should reasonably and fairly anticipate being haled into court in Ohio.

12. Defendant maintains its principal place of business at 4480 Lake Forest Drive, Suite 304, Blue Ash, Ohio 45242, whereby it has a regular and established place of business in this Judicial District.

13. Defendant is registered to do business with the Secretary of State of Ohio and has a designated agent incident to such registration.

14. Venue in this Judicial District is proper under 28 U.S.C. § 1400(b).

## THE ACCUSED PRODUCTS

15. Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (herein referred to as the "Accused Products").

16. As presently advised, the Accused Products include following categories of protective masks for mobile devices ("Case Styles"): Sheath (MagSafe); Synthesis (MagSafe); Lucid (Classic, MagSafe, Clear); and Veil (XT). (*See* **Exhibit C**; https://caudabe.com/ and related urls in the Caudabe.com domain; https://www.amazon.com/s?me=A9EX74NKTK2X8&marketplaceID=ATVPDKIKX0DER and related "Caudabe" product pages accessed through Amazon.com's website).

17. As presently advised, the Accused Products include protective masks for at least the following mobile devices: Apple iPhone 14 Pro Max; Apple iPhone 14 Pro; Apple iPhone 14 Plus; Apple iPhone 14; Apple iPhone 13 Pro Max; Apple iPhone 13 Pro; Apple iPhone 13; Apple iPhone 13 mini; Apple iPhone SE (2022); Apple iPhone 12 Pro Max; Apple iPhone 12 Pro; Apple iPhone 12; Apple iPhone 12 mini; Apple iPhone 11 Pro Max; Apple iPhone 11 Pro; Apple iPhone 11; Apple iPhone SE (2020); Apple iPhone XS Max; Apple iPhone XS; Apple iPhone XR; Apple iPhone X; Apple iPhone 8 Plus; Apple iPhone 8; Apple iPhone 7 Plus; Apple iPhone 7; Apple iPhone 6S Plus; Apple iPhone 6 Plus; Apple iPhone 6S; Apple iPhone 6; Apple iPhone SE (2016); Apple iPhone 5S; Apple iPhone 5; Apple iPhone 5C; Samsung Galaxy S22 Ultra; Samsung Galaxy S21 Ultra; Samsung Galaxy S20 Plus; Samsung Galaxy S10 Plus; Samsung Galaxy S10; Google Pixel XL; and Google Pixel. (*See* **Exhibit C**; https://caudabe.com/ and related urls in the

Caudabe.com domain; https://www.amazon.com/s?me=A9EX74NKTK2X8&marketplaceID=ATVPDKIKX0DER and related "Caudabe" product pages accessed through Amazon.com's website).

18. As presently advised, the Accused Products include Defendant's cases found at https://caudabe.com/ and related urls in the Caudabe.com domain and https://www.amazon.com/s?me=A9EX74NKTK2X8&marketplaceID=ATVPDKIKX0DER and related "Caudabe" product pages accessed through Amazon.com's website; or any other online marketplaces or brick and mortar retail stores.

19. The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See **Exhibit C** for exemplary photos for all categories of Defendant's case styles. Below are pictures of representative Accused Products.

22827936v1








22827936v1

Lucid Clear - iPhone 7 - Rose Gold Metallic: https://caudabe.com/products/lucid-clear-iphone-7?variant=48319647183 (See **Exhibit C** and pictures of representative products).






- 7 -

22827936v1

The Sheath - Galaxy S10 - Black: https://caudabe.com/products/the-sheath-galaxy-s10?variant=29794058010721 (See Exhibit C and pictures of representative products).







Synthesis - iPhone 11 - Stealth Black: https://caudabe.com/products/synthesis-iphone-11?variant=29958138298465 (See **Exhibit C** and pictures of representative products).

20. The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and

- 8 -

22827936v1

therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via any other online marketplaces or brick and mortar retail stores.

21. After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANT

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195

22. BelAir realleges and incorporates by reference paragraphs 1 through 21, inclusive, as though fully set forth herein.

(a) Defendant directly infringed at least independent Claim 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

### Claim 9

23. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

24. Specifically, the Accused Products comprised:

(a) a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

(b) the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

25. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

26. Defendant had notice of the '195 Patent and the likelihood of infringement thereof at least as early as May 1, 2023, pursuant to email correspondence from BelAir to Defendant via Caudabe's Officer and Agent, Andrew Lin. A follow up email was sent on May 16, 2023. Defendant did not respond to either the May 1 or May 16, 2023, communications, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

27. Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

28. BelAir realleges and incorporates by reference paragraphs 1 through 21, inclusive, as though fully set forth herein.

29. Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

**Claim 1**

30. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

31. Specifically, the Accused Products comprised:

      (a)      an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

      (b)      an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

      (c)      at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

      (d)      at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

32. As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

### Claim 5

33. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the

exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

      34.    Specifically, the Accused Products comprised:

           (a)    an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

           (b)    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

           (c)    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

35. As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

### Claim 8

36. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

37. Specifically, the Accused Products comprised:

    (a) an integrally-formed mask body molded to conform to a shape of the exterior housing;

    (b) inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

    (c) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to

the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

### Claim 9

38. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

39. Specifically, the Accused Products comprised:

   (a) an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

   (b) at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

   (c) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed

mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

40. As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

41. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

42. Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least as early as May 1, 2023, pursuant to email correspondence from BelAir to Defendant via Caudabe's Officer and Agent, Andrew Lin. A follow up email was sent on May 16, 2023. Defendant did not respond to either the May 1 or May 16, 2023, communications, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

43. Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Caudabe LLC – and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

22827936v1

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least July 17, 2017 through expirations of the Asserted Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

Dated: July 17, 2023

*Pro Hac Vice* Motion Forthcoming

Timothy J. Haller
Haller Law PLLC
230 East Delaware Place, Suite 5E
Chicago, IL 60611
Telephone: (630) 336-4283
Email: haller@haller-iplaw.com

Respectfully submitted,

*/s/ Justin J. Joyce*
Justin J. Joyce (0090683)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202
Telephone: (513) 369-4232
Fax: (513) 421-0991
Email: jjoyce@porterwright.com

Jared M. Klaus (Atty Reg.: 87780)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2800 – 3200
Columbus, OH 43215
Telephone: (614) 227-2076
Fax: (614) 227-2100
Email: jklaus@porterwright.com

***Trial Attorney for Plaintiff,
BelAir Electronics, Inc.***

22827936v1

## JURY DEMAND

Under Fed. R. Civ. P. 38, Plaintiff demands a trial by jury.

                Respectfully submitted,

                */s/ Justin J. Joyce*
                Justin J. Joyce (0090683)
                Porter Wright Morris & Arthur LLP
                250 East Fifth Street, Suite 2200
                Cincinnati, OH 45202
                Telephone: (513) 369-4232
                Fax: (513) 421-0991
                Email: jjoyce@porterwright.com