IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAUDABE LLC,**<br><br>**Defendant.** | **Case No.: 1:23-cv-00446**<br><br>**Judge Jeffery P. Hopkins** |

## STIPULATED FINAL CONSENT JUDGMENT

Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") and Defendant Caudabe LLC ("Caudabe" or "Defendant") (collectively, "the Parties") have reached a Confidential Agreement (the "Agreement") in settlement of the dispute between them regarding the Accused Products (as defined in the Complaint, ECF 1 at ¶¶ 15-21), and have consented as a condition of the Agreement to the entry of this Final Consent Judgment ("this Consent Judgment"), based on the following Proposed Stipulated Findings of Fact and Conclusions of Law, which the Court hereby adopts for purposes of the entry of this Consent Judgment. The Court has carefully reviewed the Proposed Stipulated Findings of Fact and Conclusions of Law, the record in this case, and is otherwise fully advised in the matter.

I.     **PROPOSED STIPULATED FINDINGS OF FACT**

1.     On July 17, 2023, BelAir filed its Complaint in this action against Caudabe asserting United States Patent Nos. 7,941,195, ("the '195 Patent") and 10,097,676, ("the '676 Patent") (collectively, "the Asserted Patents"). (See ECF 1).

- 2 -

2.	In this action, BelAir accuses Caudabe of infringing the Asserted Patents, without BelAir's authorization, through the manufacture, use, importation, sale, and/or offer for sale in the United States of the Caudabe's Accused Products.

3.	BelAir is an Illinois corporation formed and existing under the laws of the State of Illinois with a principal place of business in Westmont, Illinois.

4.	BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of the Asserted Patents.

5.	Caudabe is a Delaware corporation formed and existing under the laws of the State of Delaware with a principal place of business in Blue Ash, Ohio.

6.	Caudabe has manufactured, used, offered for sale, sold, and/or imported into the United States the Accused Products after the issuance of the Asserted Patents.

7.	Caudabe stipulates that the below Figures 1-4 are accurate representations of the Accused Products (as offered for sale at https://caudabe.com/ and related urls in the Caudabe.com domain; https://www.amazon.com/s?me=A9EX74NKTK2X8&marketplaceID=ATVPDKIKX0DER and related "Caudabe" product pages accessed through Amazon.com's website; and any other online marketplaces or brick and mortar retail stores):



Fig. 1



Fig. 2



Fig. 3



Fig. 4

8. As set forth in the attached Declaration of Andrew Lin (attached hereto as Exhibit A), solely for purposes of this lawsuit and any proceeding to enforce this Consent Judgment, Caudabe does not contest the Claims of the Asserted Patents enumerated in the Complaint: the '195 Patent – Independent Claim 9 and the '676 Patent – Independent Claims 1, 5, 8, and 9; and Dependent Claims 2-4, 6-7, and 10-12 (collectively, "the Asserted Claims") are valid, enforceable, and infringed by the Accused Products.

9. BelAir contends that the Agreement has made BelAir whole with respect to all claims of infringement by the Caudabe Accused Products.

10. Caudabe waives all rights to challenge or contest the validity or enforceability of, and waives any and all right to an appeal from, this Consent Judgment.

II. **CONCLUSIONS OF LAW AND ORDER**

Based on the Parties' stipulation and agreement hereto, it is ORDERED, ADJUDGED, and DECREED as follows:

11. The Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction, for the purposes of this case, over Caudabe, a Delaware entity, that has sold the Caudabe Accused Products in the Southern District of Ohio and otherwise submitted itself to the jurisdiction of this Court.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

14. The Complaint states claims upon which relief can be granted.

15. Consistent with Caudabe's execution of the Agreement and the foregoing Stipulated Facts, the Court FINDS:

    a. The Asserted Patents are valid and enforceable.

b. Solely for purposes of this lawsuit and any proceeding to enforce this Consent Judgment Caudabe does not contest Accused Products satisfied each and every limitation of, and therefore infringed, each of the Asserted Claims of the Asserted Patents enumerated in the Complaint.

c. The Agreement has made BelAir whole with respect to all claims of infringement by the Caudabe Accused Products.

16. In all other respects, Caudabe is dismissed from this litigation with prejudice, with each of Caudabe and BelAir to bear its own attorneys' fees, expenses, and costs in connection with this matter.

17. This Consent Judgment constitutes a final judgment on the merits of BelAir's claims against Caudabe for purposes of res judicata, collateral estoppel, issue preclusion, or claim preclusion.

18. This Court shall retain jurisdiction over this matter to enforce any violation of the Agreement and/or this Consent Judgment.

The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in entering this Consent Judgment, and expressly directs entry of such judgment.

It is SO ORDERED.

DATED this 15 day of February, 2024.

_____
HONORABLE JEFFERY P. HOPKINS
United States District Judge